**Monique CARNEY**

v.

**Kenneth BERGERON, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1986.

Decided Dec. 5, 1986.

Rocheleau Fournier & Lebel, David Brandt (orally), Lewiston, for plaintiff.

Linnell, Choate & Webber, Curtis Webber (orally), Auburn, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

Monique Carney appeals from a judgment of the Superior Court, Androscoggin County, directing the return of $1,000 to the defendants, Kenneth and Maria Bergeron. That sum is held by Carney's attorney as security or "recognizance" during the pendency of the underlying Forcible Entry and Detainer (FED) action originally brought in the District Court, Lewiston. The Superior Court reversed a District Court order requiring retention of the security fund pending the outcome of the Bergerons' collateral declaratory judgment action instituted in Superior Court. Carney contends that the District Court's order should have been affirmed because the purpose of the Bergerons' declaratory judgment action—to determine title to the dis-

puted premises—requires application of the security provisions of 14 M.R.S.A. § 6006 (1980).[1] Because the underlying FED action was rendered moot prior to entry of a section 6006 action in Superior Court, however, we affirm the Superior Court's judgment.

## I.

This case arose out of a purchase and sale agreement between the parties, whereby Carney agreed to sell the Bergerons a home located in Auburn. The Bergerons made a downpayment and apparently took possession on or about November 30, 1984. Although the sale was never completed, Carney did not foreclose on Bergerons' equitable rights in the premises pursuant to 14 M.R.S.A. § 6203-F (1980). Instead, she sent a Notice to Quit to the Bergerons.[2] Carney thereafter instituted a FED action against the Bergerons in District Court, Lewiston, demanding possession of the premises. The Bergerons answered by claiming title to the premises and calling attention to the purchase and sale agreement with which they allege Carney failed to comply. The District Court ruled that the Bergerons' claim of title was not frivolous or intended for delay.[3] The District Court also ordered the Bergerons to furnish security in the amount of $500, payable immediately, $500 several days later, and $303 monthly to cover rent pending disposition of the case. The money was to be held by Carney's counsel. Carney was not ordered to recognize to the Bergerons but was required to enter the action in the Superior Court within 30 days. Meanwhile, the Bergerons had filed in the Superior Court a complaint for declaratory and injunctive relief in order to obtain clear title to the premises and enforce the original purchase and sale agreement. During this period the Bergerons, although still claiming title, vacated the premises because of inadequate heat.

At a hearing held in November, 1985 the District Court entered judgment for Carney because the Bergerons had vacated the premises. The District Court also ordered that the $1,000 be held in trust by Carney's attorney and not be returned to the Bergerons until their collateral title action was resolved. The District Court thus retained jurisdiction over the fund and ruled that it would not order the fund released until directed to do so by the Superior Court in the Bergerons' collateral action. The Bergerons appealed to the Superior Court.

In April, 1986 the Superior Court ordered Carney to return the $1,000 security fund to the Bergerons because Carney had failed to enter her FED action in the Superior Court within the statutorily mandated 30-day period. The court also noted that the issue of possession had become moot because of foreclosure proceedings brought by a bank holding a mortgage on the disputed property. Carney appeals from that Superior Court Order.

## II.

Carney argues that the District Court correctly retained jurisdiction over the security fund because the title issue remained a live controversy in the collateral declaratory judgment action brought by the Bergerons in the Superior Court. This argument fails because it does not distin-

---

1. 14 M.R.S.A. § 6006 (1980) provides:
   When the defendant claims title in himself or in another person under whom he claims the premises, he shall, except as otherwise provided, recognize in a reasonable sum to the plaintiff, with sufficient sureties, conditioned to pay all intervening damages and costs and a reasonable rent for the premises. The plaintiff shall in like manner recognize to the defendant, conditioned to enter the action in the Superior Court within 30 days and to pay all costs adjudged against him. If either party neglects so to recognize, judgment shall be rendered against him.

2. *See* 14 M.R.S.A. § 6002 (Supp.1986).

3. The court's ruling was made in response to an allegation by Carney that the Bergerons' claim of title was frivolous and intended for delay. If the allegation were found to be true, the District Court would proceed to trial of the case. 14 M.R.S.A. § 6007 (1980).

guish, for purposes of furnishing recognizance under section 6006, between a proceeding in Superior Court entered by the plaintiff under section 6006 and a collateral, plenary title action brought by the defendants. The security provisions of section 6006 derive solely from an FED action. The Superior Court action contemplated by section 6006 is not a plenary quiet title proceeding. *See Tozier v. Tozier*, 437 A.2d 645, 647 (Me.1981). Although the issue of title may be adjudicated in a FED action, it is only for the purpose of determining the right to immediate possession between the parties. *Id.*

The collateral title action brought by the Bergerons was not a part of the District Court FED action or the Superior Court proceeding that might have been, but was not, entered by the plaintiff in this case. If the underlying FED action is extinguished prior to entry in the Superior Court, the need for a security fund ends without regard to the existence of any collateral action. Section 6006 does not provide the District Court with authority to retain jurisdiction over a security fund pending resolution of a collateral title proceeding. Furthermore, because the claim of title issue was never ultimately resolved by the Superior Court in a section 6006 proceeding, there was no way judgment could properly be entered and damages measured with respect to adjudicating the claim of title in the Superior Court. Accordingly, the security fund in this case should have been returned to the Bergerons when the FED action was rendered essentially moot by the bank's foreclosure on the disputed premises [4] prior to entry by Carney of a section 6006 action in the Superior Court.

Because the security fund should have been returned to the Bergerons for reasons stated above, we need not address the Bergerons' other statutory and constitutional arguments.

The entry is:

Judgment of the Superior Court modified to direct the District Court, in addition to ordering the return of the security, to vacate its judgment for possession and to dismiss the complaint as moot, and as so modified, affirmed.

All concurring.

---

4. The record is not entirely clear with respect to when the foreclosure proceeding began or when the redemption period expired. The District Court, in its November 19th order, found as a fact that the mortgage-holder had commenced foreclosure proceedings and that neither party was in a position to redeem. The Superior Court, in its order, simply noted that a foreclosure proceeding had been brought by the mortgage-holder thereby mooting all issues relative to the underlying FED action. In any event, the apparent failure of any of the parties to exercise their right to redeem convinces us that the underlying issue of possession is now moot.