STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       CIVIL ACTION
                                                  DOCKET NO. CV-23-42

KASEY PENDEXTER,                    )
                                   )
            Plaintiff,             )
                                   )        ORDER ON PLAINTIFF'S MOTION
      v.                           )        TO DISSOLVE LIEN
                                   )
YOUNESS MICHAEL ALMECHATT,         )
                                   )
            Defendant.             )

Presently before the Court is Plaintiff Kasey Pendexter's Motion for an Expedited Order

Dissolving Defendant's Notice of Lien and Notice of Claim of Title. The Plaintiff asks the Court

to dissolve two liens, both recorded by Defendant Youness Michael Almechatt: a Notice of Lien,

recorded in the Oxford County Registry of Deeds in Book 5769, Page 822, and a Notice of Claim

of Title, recorded in the Oxford County Registry of Deeds in Book 5742, Page 455. The Plaintiff

contends that the liens are baseless and create a cloud on her title to the property, reducing its value

and marketability at a time when she is attempting to sell the property. Because the Court lacks

the authority to grant the Plaintiff's request at this time, the motion is denied.

The Plaintiff cites two cases for the proposition that the Court has the authority to dissolve

the liens recorded by the Defendant: *Laprel v. Going*, 2014 ME 84, 96 A.3d 67 and *Lucky 777,*

*LLC v. Nature's Resolution LLC*, No. CV-20-83, 2020 WL 10316698 (Me. Super. Ct. Nov. 12,

2020). In *Laprel*, the Law Court affirmed a decision of the Superior Court (York County, *Kennedy,*

*J.*) declaring the defendant's liens invalid. 2014 ME 84, ¶ 10, 96 A.3d 67. That decision was made

on partial summary judgment of the plaintiff's declaratory judgment claim. *Id.* In *Lucky 777*, the

Superior Court (Androscoggin County, *McKeon, J.*) denied a defendant's motion to reconsider its

1

earlier grant of the plaintiff's motion to discharge a mechanic's lien. 2020 WL 10316698 at *1. That decision was made after a hearing in which both parties presented evidence. *Id.*

Here, unlike *Laprel* and *Lucky 777*, the Plaintiff has not supplied the Court with admissible evidence[1] upon which to base a decision as to the liens recorded by the Defendant. Instead, the Plaintiff asks the Court to take judicial notice of a District Court order entered in her favor in an action for forcible entry and detainer ("FED") which she pursued against the Defendant in 2023. She argues that the order is proof that the Defendant has no title to the property. Where the purpose of an FED action is not to quiet title, but rather to decide which party is entitled to "immediate possession" of a property, this is not an appropriate use of judicial notice. *Tozier v. Tozier*, 437 A.2d 645, 647 (Me. 1981); *see also Carney v. Bergeron*, 518 A.2d 717, 719 (Me. 1986) ("Although the issue of title may be adjudicated in a FED action, it is only for the purpose of determining the right to immediate possession between the parties."). Accordingly, the Court must deny the Plaintiff's motion.

The Court accordingly orders as follows:

> Plaintiff Kasey Pendexter's Motion for an Expedited Order Dissolving Defendant's Notice of Lien and Notice of Claim of Title is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on Plaintiff's Motion to Dissolve Lien on the civil docket by a notation incorporating it by reference.

Date:   January 10, 2024

Jennifer A. Archer
Justice, Maine Superior Court

---

[1] Although the Plaintiff has filed with the Court a number of exhibits, including what appears to be a copy of the deed, these exhibits are attached to an unverified complaint and are not otherwise authenticated by an affidavit.

2

KASEY PENDEXTER   - PLAINTIFF
41 HIGHLAND ST
AUBURN MA 01501
Attorney for: KASEY PENDEXTER
EVIANA ENGLERT   - RETAINED
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
100 MIDDLE STREET
PORTLAND ME 04104-5029


Attorney for: KASEY PENDEXTER
JAMES MCCARTNEY   - RETAINED
J. WILLLIAM MCCARTNEY ATTORNEY AT LAW
PO BOX 604
BRUNSWICK ME 04011

**DOCKET RECORD**

vs
YOUNESS MICHAEL ALMECHATT   - DEFENDANT
P O BOX 31
PORTER ME 04068
Attorney for: YOUNESS MICHAEL ALMECHATT
JAMES MCCARTNEY   - WITHDRAWN 10/30/2023
J. WILLIAM MCCARTNEY ATTORNEY AT LAW
PO BOX 604
BRUNSWICK ME 04011


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 08/25/2023

# Docket Events:

08/28/2023 FILING DOCUMENT - COMPLAINT FILED ON 08/25/2023

08/29/2023 Party(s):  KASEY PENDEXTER
           ATTORNEY - RETAINED ENTERED ON 08/25/2023
           Plaintiff's Attorney: EVIANA ENGLERT

08/29/2023 Party(s):  YOUNESS MICHAEL ALMECHATT
           RESPONSIVE PLEADING - RESPONSE FILED ON 08/25/2023

09/07/2023 ORDER - SCHEDULING ORDER ENTERED ON 09/07/2023
           JAMES  MARTEMUCCI , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

09/07/2023 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/07/2024

09/18/2023 HEARING - MOTION PRELIMINARY INJUNCTION SCHEDULED FOR 11/06/2023 at 11:15 a.m.

09/18/2023 HEARING - MOTION PRELIMINARY INJUNCTION NOTICE SENT ON 09/18/2023

09/18/2023 Party(s):  YOUNESS MICHAEL ALMECHATT
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/28/2023

09/18/2023 Party(s):  YOUNESS MICHAEL ALMECHATT